UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Valerie Grant                                   Case No. 18-10190-t7

   Debtor(s).

### DEFAULT ORDER GRANTING BANK OF AMERICA, N.A. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT (REAL PROPERTY)

This matter came before the Court on the Motion for Relief from Automatic Stay and Abandonment (Real Property) regarding property located at 149 Calle Del Banco, Bernalillo, NM 87004-6085 filed on March 15, 2018, Docket No. 17 (the "Motion") by Bank of America, N.A. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)     On March 15, 2018, Movant served the Motion and a notice of the Motion (the "Notice") on the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Pro Se by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property:

A certain parcel of land situate in Section 3, Township 13 North, Range 4 East, N.M.P.M., within the Town of Bernalillo, Sandoval County, New Mexico, being identified as Tract 49A1A3 as shown on Middle Rio Grande Conservancy District Property Map No. 10, Sandoval County, New Mexico, and being more particularly described by metes and bounds as follows: Beginning at the Northeast corner of the Tract herein described, said point being on the Southerly right of way line of NW. Calle Del Banco, whence the New Mexico State Highway Commission Monument NM 48-N 17, bears S. 68 deg., 53' 03" E., 651.48 feet; thence from said beginning point S. 17 deg., 09' 29" W., 114.30 feet to the Southeast corner of the Tract herein described; Thence, N. 66 deg., 45' 46" W., 59.00 feet to the Southwest corner of the tract herein described, Thence, N., 17 deg., 07' 53" E., 113.78 feet to the Northwest corner of the Tract herein described, said point being on the southerly right of way line of W. Calle Del Banco, Thence, S. 67 deg., 16' 00" E., 59.00 feet along the Southerly right of way line of W. Calle Del Banco to the Northeast and point of beginning as shown on Survey filed for record on December 13, 2004 in Vol. 3, folio 2481B.

(the "Property").

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on April 9, 2018;

(f) As of April 10, 2018, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on April 10, 2018, Krista Jones, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

LITTLE, BRADLEY & NESBITT, P.A.

By: /S/Electronically submitted/ April /0 , 2018
Karen H. Bradley
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

Copies to:

Valerie Grant
Debtor
430 Jefferson Street, Apt 4
Albuquerque, NM  87108

Edward Alexander Mazel
Trustee
1122 Central Ave. S.W., Suite 1
Albuquerque, NM  87102